WILLIAM P. BRYAN and TIMOTHY M. BRYAN, plaintiffs in error, *v.* GEORGE SMITH and DAVID SMITH, defendants in error.

*Error to Madison.*

Parol proof is inadmissible, in an action of account, to show that the defendants admitted that the plaintiffs were tenants in common with them, of the premises for an account of the rents and profits of which the action was brought, while written evidence existed, which it was in the power of the plaintiffs to produce.

In the Courts of Illinois, the clerk enters the judgment on his records, when rendered, and costs are awarded without any specification of the amount. He subsequently makes up his costs without any taxation by the Court, and inserts them in the writ of *fieri facias.* Whenever a second or *alias* writ issues, the costs attendant on the first writ, are included with the additional costs in the second writ, and those of an *alias,* in like manner, in a *pluries,* if it issue ; hence the *alias* and *pluries* cannot correspond with the original writ of *fieri facias,* and a variance between them in the amount of costs, is not material.

THIS was an action of *account* brought in the Circuit Court of Madison county, to obtain an account of the rents and profits of a certain mill and tract of land in Madison county, of which the plaintiffs claimed to be tenants in common with the defendants. The defendants pleaded that they were not bailiffs of the plaintiffs, and that they were not tenants in common with the plaintiffs. Issue was taken on these pleas.

The cause was heard in the Court below, at the June term, 1834, before the Hon. Theophilus W. Smith. Judgment was rendered for the defendants. The plaintiffs brought the cause to this Court by writ of error. On the trial in the Court below, the plaintiffs offered to prove, by a witness, that the defendants had, before the commencement of this action, admitted that they held the premises in question as tenants in common with the plaintiffs ; to which the defendants objected, and the Court sustained the objection, and the plaintiffs excepted.

The plaintiffs then read in evidence a judgment rendered in the Madison Circuit Court in favor of Schlater, Bryan, and Bryan against Robert Collet, for $ 5678,95 damages, and costs of suit. They then offered in evidence a writ of *fieri facias* issued from said Court, for $ 5678,95 damages, with interest from the date of the judgment, (May 30th, 1820,) and $ 14,80¾ costs, in favor of Schlater, Bryan, and Bryan against Collet, dated June 6th, 1825. On the back of said execution was endorsed a credit of $ 500. This writ was levied by the sheriff of Madison county, on the "undivided half part of the East half of section 17 in township 5, range 9 West, situated in the county of Madison, — which land was appraised and exposed to sale on the 7th July, 1825, at which time Guy Morrison, as agent for the plaintiffs in the execution,

became the highest and best bidder for said property, which was stricken off for the sum of $1666,66⅔ to said agent, Morrison." To its admission the defendants objected, and the Court sustained the objection. The plaintiffs excepted. The plaintiffs then read in evidence a writ of *fieri facias* issued on the 8th day of July, 1820, precisely like the former, except that the amount of costs were stated at $10,88. This writ was levied on the equal undivided half of 337$\frac{25}{100}$ acres of land, being the mills, distillery, and town plot, &c., " being in township 5 North, range 9 West of the third principal meridian," which was appraised as the law required, but " two thirds of the valuation not being bid, the premises were not sold." The plaintiffs then again offered in evidence the writ of *fieri facias* which had been rejected. The defendant objected, and the Court excluded the execution. To this decision the plaintiffs excepted. The plaintiffs then offered in evidence, from the Records of Madison county, the record of a deed from the sheriff to the plaintiffs in the said executions, of the premises sold on the execution first recited, dated April 19th, 1827, which was objected to by the defendants, and rejected by the Court. The plaintiffs excepted.

JAMES SEMPLE and S. BREESE, for the plaintiffs in error.

JESSE B. THOMAS, D. PRICKETT, and S. T. LOGAN, for the defendants in error, contended that there was no error in rejecting the evidence of admissions of defendants that they held as tenants in common. The question of title to the premises was put in issue. Title is matter of record, to be proved by patent and deeds of conveyance, and not by parol.

The Court did not err in rejecting the executions offered in evidence. The plaintiffs could not derive title to land under those executions, unless they issued on a judgment; and it does not appear, from the bill of exceptions, that the judgment given in evidence was of record in the same Court from which the executions issued, nor does it appear at what time said judgment was rendered, and so it is uncertain whether the executions were issued at a time when by law they could have been issued.

And again it does not appear that the defendant in the executions had any title to the land sold under execution. The plaintiffs, therefore, could derive no title under said executions, and they were irrelevant, and proved nothing in the cause.

SMITH, Justice, delivered the opinion of the Court:

Two points are assigned for error in this case, which appear in the bill of exceptions. The first relates to the exclusion of parol evidence to show the admission by defendants, Smiths, of the Bryans being tenants in common in the lands for which they ask them to account for the rents and profits. On this point we have

no doubt the Circuit Court decided correctly. It was inadmissible for the plaintiffs to show title to the lands, by parol admissions, while paper title existed ; upon the acknowledged principle that there was higher, better, and more certain testimony resting in record evidence, of their title, which was within their power to produce, the production of which would subject them to no possible inconvenience, if they were tenants in common, of the lands stated in the declaration.

On the second point, of the rejection of the *alias fieri facias* under which the plaintiffs derived their title by purchase, at the sheriff's sale, it is admitted that if the strict regular rules of the English and many American authorities, in some of the State courts are to prevail with us, there would, in the rejection of the executions offered in evidence, be no departure from those rules, as adopted by them ; and that *alias* executions not corresponding in the amount of the costs, with the first or original writ of *fieri facias*, should be rejected on the ground of variance. In courts where a regular judgment roll is made up, containing the amount of the whole judgment with the costs, there is much reason that this correspondence should be observed ; and the more so as no execution can embrace any subsequent costs, made beyond the amount for which judgment is given *in numero*. But our practice has uniformly, in all our courts, been different.

In the first place, the clerk enters the judgment on his records, when rendered ; and costs are awarded without any specification of the amount. He subsequently makes up his costs without any taxation by the court, and inserts them in the writ of *fieri facias*. Whenever a second or *alias* writ issues, the costs attendant on the first writ are included with the additional costs in the second, and those of the *alias*, in like manner, in a *pluries*, if it issue ; hence the *alias* and *pluries* cannot correspond with the original writ of *fieri facias ;* and therefore it would be unjust to require the exact correspondence in those writs, which is exacted in courts which do not allow the subsequent costs, and where the adherence to the judgment roll, in respect to costs, is considered as essential to the regularity of the proceedings, on the execution of the judgment. We presume that it was the discrepancy between the executions in the amount of costs, which induced the Circuit Court to reject the *alias* writ of *fieri facias*, and which, on more mature reflection, we presume it would not have considered as a serious objection to its reception in evidence. If the rigid rules to which we have alluded, were adopted in our courts, it would be most manifest that the titles to real estate purchased under execution at sheriff's sales, might be most seriously affected in numerous cases, if not entirely destroyed. Hence it becomes a question of grave import, whether the present practice, although it may not be entirely free from objection from its looseness, had not better continue

to be sanctioned, than to innovate on it, by which such serious consequences might ensue.    We think so; and therefore reverse the judgment of the Circuit Court with costs, and remand the cause with directions to the Circuit Court, to award a *venire de novo*.

*Judgment reversed.*

*Note.*    Variance: See Slocumb *v.* Kuykendall, 1 Scam. 187; Felt *v.* Williams, *Idem* 206; Leidig *v.* Rawson, *Idem; Hall v.* Blaisdel *et al., Idem;* Peyton *et al. v.* Tappan, *Idem;* Linn *v.* Buckingham *et al., Idem;* Bliss *et al. v.* Perryman, *Idem;* Hollenback *v.* Williams *et al., Idem;* Brooks *et al. v.* Jacksonville, *Idem.*